**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------x
In re                                            :    Chapter 15
                                                 :
C INTERNATIONAL INC., *et al.*,[1]               :    Case No. 12-11882 (KJC)
                                                 :
    Debtors in a Foreign Proceeding.           :    (Jointly Administered)
                                                 :
                                                 :    Deadline to Object to Final Report:
                                                 :        January 11, 2016 at 4:00 p.m. (ET)
                                                 :
---------------------------------------------------------x

**FINAL REPORT OF CRW INTERNATIONAL ULC**
**PURSUANT TO BANKRUPTCY RULE 5009(c)**

       CRW International ULC, formerly Cinram International ULC, in its capacity as the authorized foreign representative (the "**Foreign Representative**") for the above-captioned debtors (collectively, the "**Debtors**") in a proceeding (the "**CCAA Proceeding**") commenced under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), and pending before the Ontario Superior Court of Justice (the "**Canadian Court**"), respectfully submits this final status report (the "**Final Report**") on behalf of the Debtors in connection with the above-captioned chapter 15 cases (the "**Chapter 15 Cases**") and respectfully states as follows.

**BANKRUPTCY RULE 5009(c)**

       1.    Rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides:

> Cases Under Chapter 15. A foreign representative in a proceeding recognized under §1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the

---

[1] The Debtors in these cases are as follows: (a) C International Inc.; (b) CUSH Inc.; (c) CIHV, Inc.; (d) CDIST LLC; (e) CMFG LLC; (f) CRSMI LLC; (g) Cinram Wireless LLC; (h) IHC Corporation; and (i) One K Studios, LLC. The Debtors' executive headquarters is located at c/o Goodmans LLP, 333 Bay Street, Suite 3400, Toronto, Ontario, M5H 2S7, Canada .

> report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

Fed. R. Bankr. P. 5009(c). The Foreign Representative files this Report in satisfaction of Bankruptcy Rule 5009(c).

## REPORT ON THE STATUS OF THIS CHAPTER 15 CASES

2. On June 25, 2012, the Canadian Court entered the Initial Order commencing the CCAA Proceeding and, among other things, appointing FTI Consulting Canada Inc. as the Monitor in the CCAA Proceeding and CRW International ULC, formerly Cinram International ULC as the authorized Foreign Representative in the Chapter 15 Cases.

3. Also on June 25, 2012, the Foreign Representative commenced the Chapter 15 Cases by filing petitions for relief under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the district of Delaware (the "**Bankruptcy Court**"). The Foreign Representative sought recognition of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

4. On July 25, 2012, the Bankruptcy Court entered its *Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief on a Final Basis* (the "**Recognition Order**") [Docket No. 97]. Pursuant to the Recognition Order, the Foreign Representative is authorized to administer the Debtors' assets and affairs in the United States.

5. Also on July 25, 2012, the Bankruptcy Court entered its *Order (i) Recognizing the Canadian Sale Order, (ii) Authorizing and Approving the Sale Free and Clear of All Liens,*

*Claims, Encumbrances, and Other Interests, (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief* [Docket No. 98], which approved the sale of substantially all of the Debtors' assets to Cinram Group, Inc. (the "**Sale Transaction**").

6.  The Bankruptcy Court entered additional Orders authorizing the sale of certain property owned by the Debtors and located in the United States on April 22, 2013, April 9, 2014, and July 31, 2015, respectively.  See Docket Nos. 139, 167 and 181.

7.  At this time, the Debtors have no remaining assets in the United States.

### REPORT ON THE NATURE AND RESULTS OF THE FOREIGN REPRESENTATIVE'S ACTIVITIES IN THE CCAA PROCEEDING AND THE CHAPTER 15 PROCEEDING

8.  As discussed in prior submissions to the Bankruptcy Court, the Chapter 15 Cases were commenced as part of the Debtors' restructuring efforts with the primary purpose of protecting the Debtors' assets located within the United States pending their sale pursuant to the Sale Transaction, or, pursuant to other subsequent sale transactions.  All such sale transactions have been approved under the CCAA Proceedings and recognized by the Bankruptcy Court in the Chapter 15 Cases.

9.  The sale of the Debtors' North American assets and business pursuant to the Sale Transaction was completed in August 2012, and the sale of the Debtors' European business pursuant to the Sale Transaction was completed in February 2013.  Subsequent sales of the Debtors' assets excluded from the Sale Transaction included (i) the sale of substantially all of the assets of Cinram Wireless LLC completed in April 2013, (ii) the sale of the real estate property of CMFG LLC, formerly Cinram Manufacturing LLC, located in Olyphant, Pennsylvania completed in April 2014, and (iii) the sale of the real estate property of IHC Corporation located in Louisville, Kentucky

completed in August 2015. All of the assets excluded from the Sale Transaction have now been sold and, as noted above, the Debtors have no remaining assets in the United States.

10. Pursuant to the CCAA Proceedings and the Administrative Reserve/Distribution/Transition Order granted thereunder, proceeds from the Sale Transaction and subsequent asset sales were distributed by the Monitor from time to time on behalf of the Debtors to JPMorgan Chase, N.A. in its capacity as administrative agent (the "**Pre-Petition First Lien Agent**") under that certain Amended and Restated Credit Agreement, dated April 11, 2011, among the Debtors, their affiliates party thereto, and the lenders party thereto (the "**Pre-Petition First Lien Lenders**"), as amended from time to time, on behalf of the Pre-Petition First Lien Lenders. The Monitor expects to make one further and final distribution to the Pre-Petition First Lien Agent on behalf of the Pre-Petition First Lien Lenders prior to the completion of the CCAA Proceedings.

### CONCURRENT REQUEST TO CLOSE THE CHAPTER 15 CASES

11. The Foreign Representative submits to the Bankruptcy Court that, at this time, there is no further restructuring activity to conduct in the context of the Chapter 15 Cases. Indeed, the primary purposes of the Chapter 15 Cases, being recognition of the CCAA Proceeding and the protection of the Debtors' assets located within United States pending their sale, have been achieved. The Foreign Representative therefore believes that it no longer needs to make further appearances before the Bankruptcy Court in these Chapter 15 Cases.

12. The Foreign Representative hereby submits this Report, and concurrently herewith is filing the *Motion for Entry of Order (i) Closing Chapter 15 Cases and (ii) Granting Related Relief* (the "**Case Closing Motion**"), pursuant to which the Foreign Representative seeks entry of a final decree closing the Chapter 15 Cases.[2] Pursuant to Bankruptcy Rule 5009(c), parties-in-interest have thirty (30) days from the date hereof to object to closure of the Chapter 15 Cases. In the event that no such objections are filed, or such objections have been consensually resolved, the Foreign Representative will file a certification of counsel seeking entry of the proposed order attached to the Case Closing Motion, thereby closing the Chapter 15 Cases.

Respectfully Submitted on December 11, 2015 by:

_____
Steven Bissell, Managing Director, FTI Consulting Canada Inc., solely in its capacity as Monitor and not in its personal or corporate capacity

---

[2] The Foreign Representative reserves all rights to, and has filed the Case Closing Motion without prejudice to its rights to, move the Bankruptcy Court to reopen the Chapter 15 Cases to accord the Foreign Representative with whatever additional relief, if any, the Foreign Representative needs.